UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADAH BELLOW,

        Plaintiff,

v.                                 Case No. 8:23-cv -1049-AEP

MARTIN O'MALLEY,
Commissioner of Social Security,[1]

        Defendant.

_____/

## ORDER

Plaintiff seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and failed to employ proper legal standards, the Commissioner's decision is reversed and remanded.

## I.

### A.    Procedural Background

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 244–50, 251–57). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration (Tr. 96, 116, 147–48, 150–53). Plaintiff then

_____

[1] Martin O'Malley is now the Commissioner of Social Security.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner Martin O'Malley should be substituted for Acting Commissioner Kilolo Kijakazi as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

requested an administrative hearing (Tr. 154–57). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 47–69, 208). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 18–37). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1–7). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**B.     Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1982, claimed disability beginning August 1, 2019 (Tr. 78–79). Plaintiff obtained a high school education and completed 4 or more years of college (Tr. 35, 51–52, 292). Plaintiff's past relevant work experience included work as a case manager, child care worker, customer services assistant, and family service worker (Tr. 292). Plaintiff alleged disability due to numerous neurological and physical conditions, including blurry, double vision; short term memory loss; communication disorders, difficulty concentrating; weakness on left side, lack of coordination on right side; difficulty walking for more than 30 minutes; dizziness and fatigue, unstable gait; nausea; severe migraine headaches; and slurred speech, occasional stuttering (Tr. 291).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2024, and had not engaged in substantial gainful activity since August 1, 2019, the alleged onset date (Tr. 20). After conducting a hearing and reviewing the evidence of record, the ALJ

determined Plaintiff had the following severe impairments: degenerative disc disease (DDD) of the cervical spine; lumbar spine pain of unknown etiology; migraine headaches, history of traumatic brain injury (TBI), stroke, neurocognitive disorder, depression, anxiety, posttraumatic stress disorder (PTSD), somatoform disorder (Tr. 20–21). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 21–22). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform

> light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: lift 20 pounds occasionally and 10 pounds frequently; stand/walk 6 hours per day; sit 6 hours per day; never climb ladders, ropes or scaffolds; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, crawl; must avoid temperature extremes, pulmonary irritants, vibration, loud noise, hazardous machinery and heights; can understand, remember, and carry out routine and repetitive instructions and tasks; can manage or deal with occasional changes in routine work settings or duties; cannot perform work requiring a specific production rate or pace, such as assembly lines; can have occasional interaction with the public, coworkers, and supervisors; and can maintain attention and concentration for 2 hours at a time, but does require the standard morning, lunch, and afternoon breaks.

(Tr. 22–23). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 23).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform her past relevant work (Tr. 35). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a Cleaner Housekeeping (DOT 323.687-014), Final Inspector (DOT 727.687-054), or Sorter (DOT 573.687-034) (Tr. 36). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 37).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review,

further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following:  whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The ALJ, in part, decides Plaintiff's claim pursuant to regulations designed to incorporate vocational factors into the consideration of disability claims. *See* 20 C.F.R. §§ 404.1501, *et seq.* These regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the Regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules that are appended to the regulations and are commonly referred to as "the

grids." 20 C.F.R. Part 404, Subpart P, App. 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. §§ 404.1569, 416.969. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability but is advisory only. 20 C.F.R. §§ 404.1569a, 416.969a.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner

are supported by substantial evidence and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam) (citations omitted).

### III.

Plaintiff argues the ALJ erred by finding that Plaintiff's urinary incontinence condition was not severe and by failing to incorporate any limitations in Plaintiff's RFC as a result of the urinary condition. For the following reasons, the ALJ failed to apply the correct legal standards, and the ALJ's decision is not supported by substantial evidence. This Court finds that the ALJ erred by failing to consider all of Plaintiff's impairments, both severe and non-severe, in the RFC assessment. Accordingly, this Court need not determine whether the ALJ erred in finding that Plaintiff's urinary incontinence was not severe. *See Demench v. Sec'y of Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (declining to address plaintiff's remaining arguments due to conclusions reached in remanding the case); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (stating that where remand is required, it may be unnecessary to review other issues raised).

Plaintiff argues that the ALJ "grossly mischaracterized" the evidence related to her urinary incontinence condition. In support, Plaintiff cites to several exhibits in the record detailing her subjective complaints of urinary incontinence between March 2021 and August 2022 (Tr. 554, 562, 567–69, 570–76, 660, 689–91, 1432, 1436, 1452). The Commissioner counters that the ALJ properly assessed and addressed the evidence related to Plaintiff's urinary incontinence. Further, even if

the ALJ failed to adequately evaluate Plaintiff's urinary incontinence limitation, the Commissioner argues that the ALJ was not under a duty to even consider the impairment because Plaintiff did not allege that she had limitations related to urinary incontinence. *See Duffy v. Comm'r of Soc. Sec.*, 736 F. App'x 834, 837–38 (11th Cir. 2018). As an initial matter, this Court may summarily dispose of the Commissioner's argument that the ALJ had no duty to consider Plaintiff's urinary incontinence. In *Duffy*, the Eleventh Circuit held that the ALJ was under no duty to consider an impairment that was not alleged in the claimant's application or at her hearing. *Id.* at 837. Here, Plaintiff testified as to her urinary incontinence at the hearing (Tr. 60–61). Thus, Plaintiff properly alleged urinary incontinence as a basis for her disability, and the ALJ was under a duty to consider the impairment. *See Duffy*, 736 F. App'x at 837–38.

At step two of the sequential evaluation process, the ALJ found that Plaintiff's urinary incontinence was not a severe impairment (Tr. 21). In making this finding, the ALJ noted that other than Plaintiff's report of urinary incontinence in May 2021, there was no evidence of complaints or treatment for this impairment elsewhere in the record, nor any allegations or findings regarding how this impairment would limit Plaintiff's ability to perform basic work activities (Tr. 21). At step four, the ALJ found that Plaintiff had the RFC to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: lift 20 pounds occasionally and 10 pounds frequently; stand/walk 6 hours per day; sit 6 hours per day; never climb ladders, ropes or scaffolds; occasionally climb ramps and stairs, balance,

stoop, kneel, crouch, crawl; must avoid temperature extremes, pulmonary irritants, vibration, loud noise, hazardous machinery and heights; can understand, remember, and carry out routine and repetitive instructions and tasks; can manage or deal with occasional changes in routine work settings or duties; cannot perform work requiring a specific production rate or pace, such as assembly lines; can have occasional interaction with the public, coworkers, and supervisors; and can maintain attention and concentration for 2 hours at a time, but does require the standard morning, lunch, and afternoon breaks (Tr. 22–23).

In assessing a claimant's RFC, the ALJ must consider the limitations imposed by all of an individual's impairments, including those that are not severe. Social Security Regulation (SSR) 96-8p, 61 Fed. Reg. 34474, 34477 (July 2, 1996). "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim." *Id.*; *see also Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1268 (11th Cir. 2019) (per curiam) ("Consideration of all impairments, severe and non-severe, is required when assessing a claimant's RFC."). The Eleventh Circuit in *Schink* found that the ALJ's decision was not supported by substantial evidence because the ALJ did not consider the claimant's mental impairments when evaluating the RFC, despite stating that he "considered all symptoms." *Schink*, 935 F.3d at 1269. Although the ALJ in *Schink* determined that the claimant's mental impairments were non-severe, the ALJ was still required to consider them when assessing the claimant's RFC. *Id.*;

*see also Pupo v. Comm'r, Soc. Sec. Admin.*, 17 F.4th 1054, 1064 (11th Cir. 2021) (finding that the ALJ's decision was not supported by substantial evidence despite stating that he "considered all symptoms" when the decision fails to mention all of the claimant's impairments in the RFC assessment).

Similarly, here, although the ALJ stated that he "considered all symptoms," the ALJ's failure to account for all of Plaintiff's impairments, both severe and non-severe, in the RFC determination demonstrates otherwise. The ALJ noted at step two that Plaintiff reported to the doctor for urinary incontinence in May 2021 but did not discuss how her incontinence would impact her ability to perform work at step four. Notably, the Regulations specify that consideration of all impairments in combination when assessing the claimant's RFC is important because a non-severe impairment in isolation may not significantly impact an individual's ability to do basic work activities but in combination with other impairments may be critical to the outcome of a claim. Social Security Regulation (SSR) 96-8p, 61 Fed. Reg. 34474, 34477 (July 2, 1996). Indeed, the ALJ made no mention of Plaintiff's urinary incontinence beyond his step two determination that it did not constitute a severe impairment (Tr. 21). Although the ALJ is not required to cite to every piece of evidence contained in the record in determining an RFC, the ALJ is required to provide a sufficient rationale linking the record evidence to the RFC determination. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005); *Russ v. Barnhart*, 363 F. Supp. 2d 1345, 1347 (M.D. Fla. 2005) (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). Based on the ALJ's reasoning contained in the

RFC analysis, it is not clear that he considered Plaintiff's urinary incontinence issues. This Court recognizes the ALJ's extensive review and consideration of Plaintiff's severe impairments in the RFC determination; however, without any reference to Plaintiff's non-severe urinary impairment, this Court cannot conclude that the ALJ's RFC assessment is supported by substantial evidence.

## IV.

Accordingly, after consideration, it is hereby

ORDERED:

1.    The decision of the Commissioner is REVERSED, and the matter is REMANDED to the Commissioner for further administrative proceedings.

2.    The Commissioner is directed to apply the proper legal standard and review the other issues raised by Plaintiff on appeal.

3.    The Clerk is directed to enter final judgment in favor of the Plaintiff and close the case.

DONE AND ORDERED in Tampa, Florida, on this 22nd day of July, 2024.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:  Counsel of Record